**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE GERBER PROBIOTIC SALES PRACTICES LITIGATION | Civil Action No.: 12-835 (JLL) |
| | **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss [CM/ECF No. 87] certain claims in the Third Consolidated Amended Complaint ("TAC") [CM/ECF No. 63] pursuant to Federal Rule of Civil Procedure 12(b)(6) by Gerber Products Company (hereafter "Defendant" or "Gerber"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After considering the submissions of the parties in support of and in opposition to the instant motion, Defendant's motion to dismiss is granted in part and denied in part.

## I. BACKGROUND

This Court previously ruled on Defendant's motion to dismiss various allegations in Plaintiffs' Third Amended Complaint ("TAC"). *See In re Gerber Probiotic Sales Practices Litig.*, No. 12–835, 2014 WL 1310038 (D.N.J. March 31, 2014). In its most recent prior opinion, this Court dismissed: (1) Plaintiffs' claims for injunctive relief; (2) the fraud allegations of Plaintiffs Burns, Thomas, and Alvarez for failing to satisfy Rule 9(b); (3) Plaintiffs' breastmilk equivalence claims for failing to satisfy Rule 9(b); and (4) Plaintiff's breach of implied warranty and unjust enrichment claims. Plaintiffs' fraud and breastmilk equivalence claims were

1

dismissed *without* prejudice.  Plaintiffs' injunctive relief, breach of implied warranty, and unjust enrichment claims were dismissed *with* prejudice.  This Court denied Defendant's motion insofar as it moved to dismiss all of Plaintiffs' claims for lack of Article III standing, Plaintiff Siddiqi's NYCPA claim, and Plaintiffs' breach of express warranty claim.  At the time of its prior opinion, this Court declined to address whether the remainder of Plaintiffs' state law fraud claims were subject to dismissal.

Plaintiffs subsequently informed Gerber that they would not be amending their Third Amended Complaint.  (Def. Mem.[1] at 1).  As a result, Defendant now moves to dismiss Plaintiffs' New Jersey Consumer Fraud Act ("NJCFA") claim and request for punitive damages under the California Consumers Legal Remedies Act ("CLRA").  (*Id*. at 3-6).  Since the facts as they relate to these claims remain unchanged in the Third Amended Complaint, the Court hereby incorporates by reference the facts as laid out in its prior Opinion, taking account of those allegations which were subsequently dismissed from the Third Amended Complaint.  *See Gerber*, 2014 WL 1310038, at *1-4.

## II. <u>STANDARD</u>

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's short and plain statement of the

---

[1] "Def. Mem." refers to the "Memorandum of Defendant Gerber Products Company in Support of its Motion to Dismiss [ . . .]" [CM/ECF No. 84).

claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at at 557 (2007)). However, this "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *West Penn Allegheny Health Sys. Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (quoting *Phillips*, 515 F.3d at 234).

## III. <u>ANALYSIS</u>

Defendant moves this Court to dismiss the New Jersey Plaintiffs' NJCFA claim for failure to allege a quantifiable or measurable ascertainable loss. Defendant also moves to dismiss Plaintiff Hawkins' request for punitive damages under the CLRA. The Court will address each claim in turn.

### A. <u>Ascertainable Loss Under the NJCFA</u>

"To state a cause of action under the [New Jersey] Consumer Fraud Act, a plaintiff must allege: (1) an unlawful practice by the defendant; (2) ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements—defendant's allegedly unlawful behavior and the

3

plaintiff's ascertainable loss." *New Jersey Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 11-12 (N.J. Super. Ct. App. Div. 2003) (citing *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 24 (1994). Under the NJCFA, Plaintiffs are "required to plead specific facts setting forth and defining the ascertainable loss suffered." *Solo v. Bed Bath & Beyond, Inc.*, No. 06-1908, 2007 U.S. Dist. LEXIS 31088, *9 (D.N.J. April 26, 2007). To establish ascertainable loss, a plaintiff "must suffer a definite, certain and measurable loss, rather than one that is merely theoretical." *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009); *see also Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005) (evidence of ascertainable loss "must be presented with some certainty demonstrating that it is capable of calculation. . ."). In interpreting the NJCFA, courts have been instructed to "be faithful to the Act's broad remedial purposes . . . . [and] construe the [Act] broadly, not in a crabbed fashion." *Id.* at 556 (citations omitted).

There is neither a statutory definition for "ascertainable loss" nor relevant legislative history. *Thiedemann,* 872 A.2d at 792; *Smajlaj*, 782 F. Supp. 2d at 99. However, in cases involving misrepresentation, "either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle." *Thiedemann*, 872 A.2d at 792. In addition, the New Jersey Supreme Court has found ascertainable loss premised on a benefit-of-the-bargain theory sufficient to establish a prima facie case. *Id.* at 795 n.8; *Smajlaj*, 782 F. Supp. 2d at 99. Importantly, "[t]he certainty implicit in the concept of an 'ascertainable' loss is that it is quantifiable or measurable." *Thiedemann*, 872 A.2d at 792. In the case at bar, Defendant asserts that Plaintiffs have not pleaded sufficient facts to demonstrate ascertainable loss that is quantifiable or measurable. (Def. Mem. at 18). The Court agrees.

Plaintiffs assert that the measure of their NJCFA damages should include "the full retail price, as well as the difference between the amount paid and the reasonable value of what

4

Plaintiffs received." (Pl.'s Br.[2] at 7-8). However, because the substance of the claims is that Plaintiffs would have bought different formula or cereal products if they had known that Defendants' probiotic products did not provide immunity benefits, the retail price does not reflect the amount of loss sustained.

Plaintiffs do not allege that "all of the representations about the product are baseless." *See Lee v. Carter-Reed Co. LLC*, 203 N.J. 496, 529 (2010) ("Under plaintiff's scenario, the ascertainable loss here is the purchase price of a bottle of broken promises" where marketing scheme was "founded on a multiplicity of deceptions"). Nor do they allege that they paid for a product that they "did not want or need." *See Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 584 (2011) (the amount of force-placed insurance that plaintiff "did not want or need . . . could constitute an 'ascertainable loss'").

Rather, the benefit of the bargain theory as explained in *Smajlaj* is more appropriate here. "Misrepresenting a product in order to get a consumer to purchase it does cause an injury, and what New Jersey Courts require for that loss to be 'ascertainable' is for the consumer to quantify the difference in value between the promised product and the actual product received." *Smajlaj*, 782 F. Supp. 2d at 99.

Plaintiffs in the instant matter have failed to allege the "difference in value" between the products promised and those which they received. *Smajlaj*, 782 F. Supp. 2d at 101. As set forth in *Smajlaj*, "[a] plaintiff alleging a benefit-of-the-bargain states a claim if he or she alleges (1) a reasonable belief about the product induced by a misrepresentation; and (2) that the difference in value between the product promised and the one received can be reasonably quantified." *Id.* at

---

[2] "Pl.'s Br." refers to "Plaintiffs' Brief in Opposition to Motion to Dismiss [. . . ]" [CM/ECF No. 85].

99.  In addition, "[f]ailure to quantify this difference in value results in the dismissal of a claim." *Id.* at 101.  Accordingly, a plaintiff "'must proffer evidence of loss that is not hypothetical or illusory' and that is 'presented with some certainty demonstrating that it is capable of calculation.'"  *Id.* (quoting *Thiedemann*, 872 A.2d at 792-93); *see also Spera v. Samsung Elecs. Am., Inc.*, 2014 WL 1334256 at *5 (D.N.J. Apr. 2, 2014); *Hemy v. Perdue Farms, Inc.*, 2011 WL 6002463 at *18 (D.N.J. Nov. 30, 2011) ("There are no facts supporting a claim for ascertainable loss—other than the use of the term 'premium' price."); *In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig.*, 2009 WL 2940081 at *13 (D.N.J. Sept. 10, 2009) ("Regarding the ascertainable loss, the Plaintiffs fail to allege. . . how much they paid for the HD DVD Players; and how much regular DVD players cost at the time (i.e., how much of a 'premium' they claim to have paid for their HD DVD Players).").  Accordingly, Plaintiffs' NJCFA claims are dismissed.

Plaintiffs further argue that this Court previously ruled that they had sufficiently alleged an ascertainable loss under the NJCFA.  (Pl.'s Br. at 2-4).  They argue that this is the "law of the case" and must stand.  (*Id.* at 2).  However, in the opinion Plaintiffs refer to, this Court did not hold that Plaintiffs had alleged an ascertainable loss under the NJFA.  (*See Id.* at 3) (quoting *In re Gerber Probiotic Sales Practices Litig.*, 2013 WL 4517994, at *11 (D.N.J. Aug. 23, 2013)).  Rather, that section of the opinion found that Plaintiffs had alleged an injury in fact sufficient to confer Article III standing.  *See Gerber*, 2013 WL 4517994, at *5.  While this Court included a footnote that stated, ". . . courts in this District have held that an exact dollar amount is not required to plead an ascertainable loss under the [NJCFA,]" it did not find that Plaintiffs had alleged an ascertainable loss within the meaning of the NJCFA and one which comported with the heightened pleading standard of Rule 9(b).  *Id.* at *5, n.4.  However, because Plaintiffs might

6

have misinterpreted this Court's prior opinion and, relying on the cited footnote, might have declined to amend their NJCFA claim accordingly, this Court will allow them one last opportunity to amend this claim only insofar as they can insert facts sufficient to allege an ascertainable loss.  Therefore, Plaintiff's NJCFA claim is dismissed *without* prejudice.

### B.   Punitive Damages under the CLRA

Under the CLRA, punitive damages are available "where a plaintiff establishes by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression, or (3) malice." *Bor Pha v. Yia Yang*, 2013 WL 4546362 at *4 (E.D. Cal. Aug. 27, 2013); *see also* Cal. Civ. Code § 3294(a).  Claimants are only required to allege one of the three elements to seek punitive damages.  *See Allen v. Hyland's Inc.*, 2013 WL 1748408 at *2 (April 11, 2013) (finding that where Plaintiffs had "adequately pleaded malice and fraud, but not oppression," Plaintiffs had "properly pleaded punitive damages under CLRA").

Defendant argues that Plaintiff Hawkins (hereinafter "Plaintiff") has not adequately pleaded a claim that would allow recovery of punitive damages.  (*See* Def. Mem. at 7-8).  Specifically, Defendant contends that Plaintiff has made only conclusory assertions regarding Defendant's conduct and thus has not sufficiently pleaded facts demonstrating the elements of malice, oppression, or fraud.  (*See Id.* at 7).  The Court disagrees and finds that Plaintiff has adequately pleaded malice and fraud, but not oppression.  Accordingly, Plaintiff has adequately pleaded a claim for punitive damages.

### i.   Malice

"'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). Unlike allegations of fraud or mistake, which must be pleaded with heightened particularity, malice "may be alleged generally" in a pleading. Fed. R. Civ. P. 9(b). "When the plaintiff alleges an intentional wrong, a prayer for [punitive] damage[s] may be supported by pleading that the wrong was committed willfully or with a design to injure." *G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 29 (1975); *see also Coyotzi v. Countrywide Fin. Corp.*, 2009 WL 2985497, at *21-22 (E.D. Cal. Sept. 16, 2009) (explaining that allegations of "nondeliberate injury" require greater factual support than those alleging malice). As such, "[a] plaintiff bringing an action in federal court may include a short and plain prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice[.]" *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005) (internal citations omitted).

Here, the Court finds that Plaintiff has sufficiently pleaded the element of malice. The TAC asserts that "Defendant possesses specialized knowledge regarding the content and effects of the ingredients in the Products and *knew or should have known* that its health-benefit claims were false and misleading." (TAC at ¶ 32) (emphasis added). In *Allen*, the court concluded that by "merely alleging that Defendants knew or should have known all along that their products do not work [as advertised]," plaintiffs' complaint adequately pleaded malice. 2013 WL 1748408, at *2 (denying defendants' motion for judgment on the pleadings as to punitive damages under the CLRA). As in *Allen*, Plaintiffs have claimed that Defendant "knew or should have known" of its alleged misrepresentations, thus providing the "general averment" of willful wrongdoing required for the purposes of pleading malice. *Id.* at *2; (TAC at ¶ 32). Furthermore, the TAC

refers to Defendant's press releases in which Defendant highlighted its "research and expertise" in the area of childhood nutrition, as well as an excerpt from Defendant's own website defining and explaining probiotics. (*Id.* at ¶¶ 43, 48). While Defendant contends that Plaintiff's claims are merely conclusory, (Def. Mem. at 7), Plaintiff's allegations, when read in context with the above facts contained in the TAC, could demonstrate that Defendant knew or should have known of its alleged misrepresentations. *See Monge v. Superior Court*, 176 Cal.App.3d 503, 510 (1986) (finding that conclusory language may adequately plead malice "when read in context with the facts alleged as to defendants' conduct"). As such, Plaintiff has sufficiently pleaded malice.

### ii.   **Oppression**

"'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2). "'Despicable conduct' is conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Mock v. Michigan Millers Mut. Ins. Co.*, 4 Cal.App.4th 306, 331 (Ct. App. Cal. 1992).

In the instant case, the Court finds that Plaintiff has not sufficiently pleaded oppression. That Plaintiff allegedly paid a premium price based on Defendant's misrepresentation of its product cannot be said to constitute a "cruel and unjust hardship in conscious disregard" of Plaintiff's rights. Cal. Civ. Code § 3294(c)(2); *see also Allen*, 2013 WL 1748408 at **3-4 (finding that plaintiffs did not adequately plead oppression in alleging that defendant misrepresented the effects of its homeopathic products). While the TAC asserts that Defendant's alleged misrepresentations "can lead to the delayed treatment of serious and life-threatening illness and diseases," nowhere within the TAC does Plaintiff claim that such harm in fact occurred or support this conclusory allegation with facts. (TAC at ¶139). Thus, the allegations

contained in the TAC simply do not rise to the level of "despicable conduct" required under §
3492(c)(2).

      **iii.**    **<u>Fraud</u>**

     "'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact
known to the defendant with the intention on the part of the defendant of depriving a person of
property or legal rights or otherwise causing injury."  Cal. Civ. Code § 3294(c)(3).  Unlike
allegations of malice, "a party must state with particularity the circumstances constituting fraud."
Fed. R. Civ. P. 9(b); *see also Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992)
(explaining that to adequately plead fraud under Rule 9(b), a plaintiff must allege, *inter alia*, "a
specific false representation of material fact[,] . . . knowledge by the person who made it of its
falsity[, and] ignorance of its falsity by the person to whom it was made. . .").

     As this Court has previously determined that Plaintiff sufficiently pleaded fraud under
Federal Rule of Civil Procedure 9(b),[3] no further analysis on this element required.  *See Newsom
v. Bank of Am. N.A.*, 2014 WL 2180278, at \*11 (C.D. Cal. May 22, 2014) (denying a motion to
dismiss a § 3294 claim for punitive damages after finding that plaintiffs had met the
requirements for pleading fraud under Federal Rule of Civil Procedure 9(b)).  The Court thus
concludes that Plaintiff has adequately pleaded the element of fraud as it applies to punitive
damages under the CLRA.

---

[3] *See In re Gerber*, 2014 WL 1310038, at \*8 (finding that the fraud allegations of Plaintiffs Dourdoulakis, Hawkins, and Jose contained the requisite factual specificities to "comport with the heightened requirements" for pleading fraud under Federal Rule of Civil Procedure 9(b)).

## VI. <u>CONCLUSION</u>

For the reasons herein expressed, the New Jersey Plaintiffs' NJCFA claim for failure to allege a quantifiable or measurable ascertainable loss is **dismissed without prejudice**. Plaintiffs may amend within 30 days.  Defendant's motion to dismiss Plaintiff Hawkins' claim for punitive damages under the CLRA is **denied**.

An appropriate Order accompanies this Opinion.

DATE: July 11, 2014

 /s/Jose L. Linares
Jose L. Linares
United States District Judge

11