

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

**Scott A. Ohnegian**
Partner

Direct:
t: 973.451.8551
f: 973.451.8703
sohnegian@riker.com
Reply to: Morristown

**VIA ECF**

October 30, 2014

The Honorable Cathy L. Waldor
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *In re Gerber Probiotic Sales Practices Litig.,*
      No. 12-cv-835 (D.N.J.)

Dear Judge Waldor:

      We represent Defendant Gerber Products Company ("Gerber") in the above-captioned matter. As the Court is aware, on September 29, 2014, Gerber filed a motion to compel the production of medical records directly relevant to plaintiffs' allegations that Gerber's advertisements for the challenged products are false and misleading. Dkt. # 100. Plaintiffs filed their opposition brief on October 20, 2014. Dkt. # 104. Gerber writes for the limited purpose of addressing a new—but fundamentally untenable—argument raised in plaintiffs' opposition, which requires correction.

      Plaintiffs argue that they should not be required to produce the requested medical records because they could only show a "placebo effect"—i.e., that if the plaintiffs' children experienced the advertised benefits of the challenged Gerber products, that would be evidence only of "the psychosomatic effect produced by the advertising and marketing of the products." Dkt. # 104 at 8. This newfound argument is based on the improper position that plaintiffs should not have to comply with their obligations to produce discovery relevant to Gerber's defenses because (plaintiffs say) their claims have merit and Gerber's defenses do not. Dkt. # 104 at 8 (asserting that plaintiffs "have been deceived and the Products have a significant placebo effect."). That position wrongly *assumes* that plaintiffs have already established their claims on the merits. But in reality, they offer nothing more than conjecture for their placebo theory—and certainly no legal or factual findings by this Court, or by any governmental or scientific body, on that score.

      Plaintiffs will have a chance to present their theory on the merits of the case after discovery is complete. But they may not "opt out of discovery simply because" they think their theory of the case "will ultimately prove successful." *Triangle Residential Designs, Inc. v. Ashley Turner Enters., Inc.,* 2011 WL 7293428, at *2 (E.D.N.C. Feb. 24, 2011); *see also Alli v. Steward-*

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

October 30, 2014
Page 2

*Bowden*, 2013 WL 6053481, at *3 (S.D.N.Y. Nov. 7, 2013) (observing that "there is no support for a proposition that a [party] can refuse a discovery request because it believes" that the other party's theory of the case is "meritless").

Unsurprisingly, plaintiffs do not cite a single case that would support such a distorted view of the discovery process. Quite to the contrary, the first case relied on by plaintiffs in support of this argument, *FTC v. Pantron I Corp.*, 33 F.3d 1088 (9th Cir. 1994), directly supports the discovery that Gerber seeks here. In *Pantron*, the court held a "5-day bench trial" and considered, among other evidence, the "testimony of ... users who had experienced" the challenged product's advertised hair-growth benefits. *Id.* at 1092-93. The court of appeals concluded only that "*the proof at trial* made clear that any effectiveness is due solely to the placebo effect." *Id.* at 1097 (emphasis added).

*Pantron* and the two other cases that plaintiffs cite never even suggested that it would have been appropriate for the district court to restrict discovery or otherwise limit the presentation of the users' experiences. Rather, both *Forcellati v. Hyland's, Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 201), and *Allen v. Hyland's, Inc.*, 2014 WL 3819713 (C.D. Cal. Aug. 1, 2014), addressed the placebo effect only in the context of addressing the argument that the class certification arguments had not been met in those cases because some consumers could be satisfied with the challenged products.

Plaintiffs' contention that the children may have experienced a "psychosomatic effect produced by the advertising and marketing of the products" (Dkt. # 104 at 8) fundamentally misapprehends the mechanism by which placebo effects occur. Plaintiffs offer no basis for concluding that the infants and toddlers who consumed the products would have perceived or understood the advertising and marketing at issue here; thus, they could not have formed beliefs about the challenged products leading to a "psychosomatic effect." Contrary to plaintiffs' misunderstanding, Gerber seeks the medical records to determine whether the challenged products worked for plaintiffs' children—not whether "Plaintiffs or even their children's doctors . . . believe the Products worked." Dkt. # 104 at 8.

For these reasons and the others stated in Gerber's motion (Dkt. # 100) , Gerber's motion to compel should be granted.


Respectfully yours,

  s/ Scott A. Ohnegian  SO 4799

Scott A. Ohnegian

cc: All Counsel (via ECF)